**NOT RECOMMENDED FOR PUBLICATION**
File Name: 06a0566n.06
Filed: August 7, 2006

**No. 04-5563**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| LATONYA FULLER, | ) | TENNESSEE |
| | ) | |
| Defendant-Appellant. | ) | |

Before: SILER, CLAY, and McKEAGUE, Circuit Judges.

**SILER**, Circuit Judge. LaTonya Fuller appeals her conviction and sentence for conspiracy to distribute and possess 50 grams or more of cocaine base, a violation of 21 U.S.C. § 846. She pleaded guilty and signed a plea agreement accompanied by an "Agreed Factual Basis," setting forth that she intended to distribute at least 500 grams of cocaine base. In addition, the Presentence Investigative Report (PSR) detailed that Fuller was accountable for 595.35 grams of cocaine base, although she was only charged with and pleaded guilty to conspiracy to distribute 50 grams. She filed no objections to the PSR. The district court reduced her sentence to 156 months based upon her substantial assistance. Because the district court accepted a knowing and voluntary plea, we AFFIRM the conviction. In addition, we decline to review Fuller's ineffective assistance of counsel claim and her request to review the extent of the downward departure for substantial assistance, and AFFIRM her sentence.

No. 04-5563
*United States v. Fuller*

In February 2004, Fuller pleaded guilty to conspiracy to distribute and possess more than 50 grams of cocaine base in exchange for dismissal of other charges. In accordance with the terms of the plea agreement, on the government's motion, the district court granted a departure of 84 months below the mandatory minimum sentence of 240 months for substantial assistance. 18 U.S.C. § 3553(e).

Prior to sentencing, the government filed notice that Fuller's prior felony drug conviction would be used to enhance the statutory sentence imposed in this case. *See* 21 U.S.C. § 851. The PSR calculated a guidelines range between 168 to 210 months, but 21 U.S.C. § 841(b)(1)(A) provided a mandatory minimum of 240 months in light of a prior felony conviction.

ANALYSIS

First, Fuller asserts that the district court failed to establish that she entered a knowing and voluntary plea because she did not understand the full nature of the charges against her. Alternatively, she argues that the case should be remanded to ensure that there was a sufficient factual basis for her plea under Fed. R. Crim. P. 11(b)(3).

To be valid, a guilty plea must be knowing, voluntary, and intelligent. *Brady v. United States*, 397 U.S. 742, 747 n.4 (1970). Rule 11 of the Federal Rules of Criminal Procedure requires a district court to verify that Fuller's plea was voluntary and that she understood her applicable constitutional rights, the nature of the crime charged, the consequences of the guilty plea, and the factual basis for concluding that she committed the crime charged. *United States v. Webb*, 403 F.3d 373, 378-79 (6th Cir. 2005).

While Fuller disputes the drug amount used to determine the guidelines offense level, her counsel stated: "We don't dispute the general factual basis that supports the charge and the crime that she is pleading guilty to, Your Honor." Fuller admitted her guilt at both the Rule 11 proceeding and the sentencing hearing allocution. Furthermore, Fuller stated that she had no objection to the PSR and acknowledged that her sentence was subject to a statutory mandatory minimum.

The following Rule 11 colloquy occurred:

District Court: I guess if she will acknowledge that the conspiracy of which she was a member was responsible for over 500 grams then she has lived up to the written word here. If she denies that, then I am not in a position for me to speak for Mr. Smith that she is acknowledging her guilt. Because I don't know her criminal – total criminal history points – with that prior conviction we know she goes to 20 years as a minimum, but her guideline range could be higher, and if Mr. Smith's intent is that she acknowledge 500 grams or more for a level of 36, that may be of some importance to him, but I am not, I can't say that for certain.

Mr. LaGuardia: Your Honor, I don't think she opposes whether, she does concur she has the prior and she does, she is not able to dispute that they distributed 500 grams or more on that basis. And she understands, the thing that she understood based on the guideline she is at 20 years to life. I think that clearly is reflected.

District Court: Ms. Fuller, do you understand what your lawyer just said? (off the record discussion with counsel and the defendant.)

Mr. LaGuardia: She understands, Your Honor.

District Court: Okay. Based upon those facts then, Ms. Fuller, how to you plead?

Ms. Fuller: Guilty.

The transcript illustrates that Fuller acknowledged that the amount of cocaine base was 500 grams, and thus there was no error, plain or otherwise. Although Fuller may not have personally answered whether she understood, her lawyer indicated that she did after conferring with her. She presents

no evidence that her plea was not voluntary and knowing. We conclude that her plea colloquy met the requirements established by Rule 11 and hold that her plea was knowing, voluntary, and intelligent. *See United States v. Gardner*, 417 F.3d 541, 544-45 (6th Cir. 2005) (holding "yes" or "no" answers sufficient to show knowing, voluntary, and intelligent plea).

Second, Fuller argues ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668 (1984). She claims that her counsel was deficient by allowing her to provide self-incriminating information to the FBI and to testify on the government's behalf in coconspirator trials prior to reaching a plea agreement in this case. She asserts that her counsel was ineffective by failing to obtain protection for her prior to her testimony. In addition, she asserts that her counsel was ineffective for accepting a plea that she did not knowingly, voluntarily and intelligently accept. Again, Fuller asserts that she did not understand the nature of her plea or the maximum possible punishment. Appellate courts generally will not hear a claim of ineffective assistance of counsel on direct appeal unless the record is sufficiently developed. *United States v. Franklin*, 415 F.3d 537, 555 (6th Cir. 2005). For this reason, we decline to address this issue at this time. *See, e.g., United States v. Abdullah*, 162 F.3d 897, 905 (6th Cir. 1998).

Third, Fuller argues that the district court abused its discretion in granting a downward departure of only 84 months from the mandatory minimum of 240 months, and that we should remand for a further reduction of her sentence from the 156 months she received. She also argues that the district court, which imposed sentence before *United States v. Booker,* 543 U.S. 220 (2005)*,* unconstitutionally treated the guidelines as mandatory. Likewise, she requests remand for

resentencing under an advisory guidelines regime.   However, she does not assert that her sentence was unreasonable.

We lack jurisdiction to review the merits of requests to review a downward departure for substantial assistance.  We recently stated,  "After *Booker*, of course, a defendant who received a downward departure for substantial assistance is free to argue that the sentence from which the district court departed was unreasonable [but] insofar as the claim invites appellate review of the extent of a downward departure, it is foreclosed." *United States v. Jone*s, 417 F.3d 547, 551 n. 3 (6th Cir. 2005).

Accordingly, we have no jurisdiction over Fuller's argument that the district court granted an insufficient downward departure. We lacked jurisdiction over decisions to deny a motion for downward departure, and over the extent of one, before *Booker*, and we continue to lack jurisdiction over them.  *Id. at* 548.  Additionally, the district court did not apply the sentencing guidelines as mandatory because Fuller was subject to a statutory mandatory minimum sentence and received a downward departure based on her assistance.

AFFIRMED.