# United States Court of Appeals
## For the First Circuit

No. 07-1426

UNITED STATES OF AMERICA,

Appellee,

v.

CARLOS RIVERA-MALDONADO,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Carmen Consuelo Cerezo, U.S. District Judge]

Before

Lipez and Howard, Circuit Judges,
and DiClerico,* District Judge.

Ignacio Fernández de Lahongrais for appellant.
Rosa Emilia Rodriguez-Velez, United States Attorney, and
Nelson Pérez-Sosa, Assistant United States Attorney, for appellee.

March 12, 2009

* Of the District of New Hampshire, sitting by designation.

**LIPEZ**, <u>Circuit Judge</u>.  Appellant Carlos Rivera-Maldonado, who pled guilty to possession of child pornography, now asks us to vacate the judgment against him because he was misinformed about the consequences of his plea in a written plea agreement and during his change of plea colloquy.  He was told that the maximum term of supervised release could be no more than three years.  In fact, the applicable maximum term of supervised release was life, and that was the supervised release term imposed at sentencing.  Although appellant did not contemporaneously object to this error or move to withdraw his plea in the district court because of it, we find that the error was plain and that it affected his substantial rights as well as "the fairness, integrity, or public reputation of judicial proceedings," <u>United States</u> v. <u>Olano</u>, 507 U.S. 725, 736 (1993) (internal quotation marks and citation omitted).  Accordingly, we vacate the judgment and order that appellant be permitted to withdraw his guilty plea.

## I.

On April 6, 2006, appellant was indicted for knowing possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B).  On June 27, 2006, he signed a written plea agreement stipulating that he had accessed an internet website where users posted and shared files containing child pornography. The agreement also stipulated that when Bureau of Immigration and Customs Enforcement officials learned of this access, they

-2-

conducted a consensual search of appellant's home that resulted in seizure of his computer and other digital media.  Further, the agreement stipulated that investigation by a computer forensics examiner revealed that the seized computer had been used to access and store numerous still images and movie files containing child pornography.

According to the written plea agreement, the maximum penalty for appellant's offense was: "a term of imprisonment which may not be more than ten (10) years, a fine not to exceed two hundred fifty thousand dollars ($250,000), <u>and a term of supervised release of no more than three (3) years</u>." (Emphasis added.)  In fact, the maximum period of supervised release applicable to the charged offense was life, not three years.  <u>See</u> 18 U.S.C. § 3583(k).[1]

A magistrate judge conducted appellant's change of plea hearing on June 27, 2006.[2]  Before deciding whether to recommend

---

[1] Appellant pled guilty to 18 U.S.C. § 2252, a class C felony. 18 U.S.C. §§ 2252(b)(2), 3559(a)(3).  Although class C felonies normally carry a maximum supervised release term of three years, 18 U.S.C. § 3583(b)(2), the Prosecutorial Remedies and Other Tools to end the Exploitation of Children Today Act (PROTECT Act) became effective in 2003, authorizing a life term of supervised release for certain offenses, including § 2252 offenses. PROTECT Act, Pub. L. No. 108-21, § 101, 117 Stat. 650 (2003) (codified at 18 U.S.C. § 3583(k)); <u>see</u> <u>also</u> <u>United States</u> v. <u>Presto</u>, 498 F.3d 415, 417-18 (6th Cir. 2007).

[2] Under 28 U.S.C. § 636(b)(1)(B) and District of Puerto Rico Local Rule 72, the magistrate judge had authority to conduct the change of plea hearing and to make a recommendation to the district

acceptance of appellant's plea to the district judge, the magistrate judge confirmed, among other things, that appellant had reviewed and discussed the plea agreement with his attorney, that nothing in the agreement came as a surprise to him, and that he understood that the sentencing judge could accept or deny the sentencing recommendations set forth in the agreement. The court also reiterated the plea agreement's erroneous assertion that appellant could receive no more than three years of supervised release for his crime. The following exchanges occurred during this change of plea hearing:

> Court: And let me advise you that you're facing a maximum penalty, a maximum sentence of 10 years imprisonment, a fine not to exceed $250,000 <u>and a term of supervised release of up to three years</u>. You also have to pay a special monetary assessment of $100. Do you understand those maximum penalties?
>
> Appellant: Yeah.
>
> . . .
>
> Court: Now, let me advise you that the only limits to Judge Cerezo's discretion -- again, she has to consider the guidelines but is not bound by them -- the only limits to her sentencing discretion [are] the 10-year maximum sentence of imprisonment as well as all the other maximum penalties. Is that understood?
>
> Appellant: Yeah.
>
> The Court: . . . Let me advise you also that, should she not follow the guidelines and not

---

court judge on whether to accept the plea.

> follow what is contained in the plea agreement, as long as she sentences you up to the statutory maximum, that is within her discretion. Do you understand this?
>
> Appellant: Yeah.

(Emphasis added.) The district court judge, acting on the magistrate judge's recommendation, accepted appellant's plea of guilty on July 13, 2006.

After the change of plea hearing, the probation office prepared a presentence report (PSR). The PSR stated that appellant's base offense level was 18. See U.S.S.G. § 2G2.2(a)(1). It recommended a two-level enhancement pursuant to U.S.S.G. § 2G2.2(b)(2) because the pornographic material contained images of a prepubescent minor or a minor under twelve years old, and a two-level enhancement pursuant to U.S.S.G § 2G2.2(b)(6) because appellant's possession of the material resulted from his use of a computer. It further recommended a four-level increase because the offense involved material portraying sadistic or masochistic conduct, U.S.S.G. § 2G2.2(b)(4), and a four-level increase because the offense involved at least 300 but fewer than 600 images, U.S.S.G. § 2G2.2(b)(7)(C). Finally, the PSR recommended a three-level reduction because appellant accepted responsibility for his conduct. U.S.S.G. § 3E1.1(a), (b). Contrary to the plea agreement and the information provided by the magistrate judge, the PSR correctly stated that the applicable maximum period of supervised release was life. 18 U.S.C. § 3583(k); see supra note 1.

Appellant filed objections to the PSR but did not object to its assertion that he could be sentenced to a lifetime of supervised release.

On January 30, 2007, the district court judge conducted appellant's sentencing hearing. The judge adopted the PSR's sentencing recommendations, including the recommended enhancements and the recommended downward adjustment for acceptance of responsibility. The judge agreed with the PSR that based on the resulting offense level of 27 and appellant's criminal history of Category II, appellant's guideline imprisonment range was 78-97 months. The judge also found that, pursuant to 18 U.S.C. § 3583(k), appellant could be sentenced to a supervised release term of life. When the judge announced this possibility, appellant did not object. The judge sentenced appellant to 78 months of imprisonment followed by supervised release for life. This appeal followed.

## II.

Change of plea colloquies are governed by Federal Rule of Criminal Procedure 11, which requires courts to properly advise defendants, inter alia, of "any maximum possible penalty, including imprisonment, fine, and term of supervised release." Fed. R. Crim. 11(b)(1)(H). A defendant who did not object to a Rule 11 error in the district court must satisfy plain error review to obtain relief on appeal. United States v. Vonn, 535 U.S. 55, 59 (2002). Here,

appellant must meet that standard of review because he never objected to the misinformation contained in the plea agreement and later restated by the magistrate judge at the change of plea hearing. Likewise, he never moved to withdraw his guilty plea in the district court on the basis of the misinformation, even after the PSR made clear that he was actually eligible for lifetime supervised release and the district court judge stated that possibility at sentencing. Plain error review requires appellant to make the four part showing that: 1) there was an error, 2) the error was plain, 3) the error affected substantial rights, and 4) the error "'seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings.'" Vonn, 535 U.S. at 62-63 (quoting Olano, 507 U.S. at 736) (alteration in original). The Supreme Court explained in United States v. Dominguez Benitez, 542 U.S. 74, 83 (2004), that a Rule 11 error affects substantial rights and therefore satisfies the third prong of the plain error test only when a defendant can show "a reasonable probability that, but for the error, he would not have entered the plea."

The government concedes the first two prongs of plain error review, acknowledging that there was an error and that it was plain. Federal Rule of Criminal Procedure 11(b)(1)(H) requires that before accepting a plea of guilty a court must "inform the defendant of, and determine that the defendant understands . . . any maximum possible penalty, including imprisonment, fine and a

term of supervised release." Here, the magistrate judge accepting the guilty plea did not inform appellant that he could be sentenced to lifetime supervised release. Instead, relying on the plea agreement, he erroneously stated that the maximum possible period of supervised release was three years. We agree with the parties that this was plain error.

Having established the first two prongs of plain error review, appellant must next meet the Dominguez Benitez standard of prejudice by showing that the error affected his substantial rights because there is a reasonable probability that he would not have entered the plea agreement but for the misstatement. Dominguez Benitez, 542 U.S. at 83. We faced a similar claim of prejudice in the Rule 11 context in United States v. Santo, 225 F.3d 92 (2000). There, the defendant pled guilty to drug charges after being informed in the plea agreement and during the plea colloquy that he was subject to a mandatory minimum sentence of only five years and a guideline range of 87 to 108 months (about seven to nine years). Id. at 95. The probation office's PSR later determined that the defendant was responsible for more drugs than were contemplated by the plea agreement. Id. at 96. Among other consequences, this finding increased the mandatory minimum penalty to ten years. Id.

We decided Santo before the Supreme Court ruled in Vonn that the plain error standard should be applied to all unobjected-to Rule 11 errors, and before it decided in Dominguez Benitez that

a defendant seeking to establish the third prong of plain error review in the Rule 11 context must show a reasonable probability that but for the error he would not have entered the plea. Nonetheless, we recognized in Santo that the defendant faced a "high hurdle" because he had failed to seek withdrawal of his guilty plea in the lower court. Id. at 97. We found the defendant had cleared that high hurdle and had shown a "substantial defect in the Rule 11 proceeding itself." Id. (internal quotation marks and citation omitted). The defect went to the very purpose of Rule 11, "which is to advise a defendant of the actual consequences of his plea so that he can realistically decide whether to plead guilty." Id. at 98; see also United States v. Hernandez-Wilson, 186 F.3d 1, 6 (1st Cir. 1999) (defendant's knowledge of the consequences of his plea is a core concern of Rule 11). We concluded that "the misinformation that the minimum sentence was only five years reasonably could have affected Santo's decision to change his plea to guilty." Santo, 225 F.3d at 101. Therefore, "the district court's erroneous advice as to the mandatory minimum sentence affected Santo's substantial rights," and we ordered that Santo be permitted to withdraw his plea. Id.

The government argues that we should not order the same relief here because the appellant "has not argued on appeal that he would not have pleaded guilty if he had known that the maximum term of supervised release was life." Instead, appellant claims in his

brief that his willingness to plead "might conceivably have been lessened" if he had known of the potential of lifelong supervised release.[3]  His brief also states that the assurance of receiving no more than three years of supervised release "played a crucial role in his decision to plead guilty."

We reject the government's assertion that "there is nothing in the record to support the claim that defendant would not have entered the plea had he known that the maximum term of supervised release was life."  The government fails to acknowledge that the appropriate standard for prejudice, set forth in Dominguez Benitez, requires appellant to establish a reasonable probability that he would not have entered his plea of guilty if it were not for the error.  Dominguez Benitez, 542 U.S. at 83.[4]  Given appellant's assertion that the information he received from the plea agreement and the magistrate judge "played a crucial role in his decision to plead guilty," and given the dramatic difference between a three year period of supervised release and a lifetime of supervised release, we are satisfied that appellant has shown a reasonable probability that he would not have entered the plea

_____

[3] Appellant takes this language from Santo, where we said that "had [the defendant] known that a ten-year mandatory minimum might apply . . . his expectations might conceivably have been lessened, along with his willingness to plead."  Santo, 225 F.3d at 101. Appellant should have reflected in his brief the standard of prejudice set forth in Dominguez Benitez.

[4] It is troubling that the government, like appellant, did not acknowledge this critical precedent.

before the magistrate judge if he understood that his exposure before the sentencing court was a lifetime of supervised release. Indeed, it would be anomalous to conclude that the erroneous advice on the consequences of the sentence affected substantial rights in Santo, and then reject that conclusion here.  In both cases, the erroneous information dramatically altered the sentencing stakes for the defendant.[5]

Santo, however, decided before Vonn, did not address the fourth prong of plain error review, which requires us to decide if an error "seriously affect[ed] the fairness, integrity, or public reputation of judicial proceedings."  Vonn, 535 U.S. at 63 (quoting Olano, 507 U.S. at 731-32, 736) (alterations in original). This issue is closer than might first appear.  Although the presentence report (which was prepared after the change of plea hearing) advised appellant that he was exposed to a lifetime of supervised release, he never objected to that provision of the report.  At sentencing the district judge also advised him that he was subject to a lifetime of supervised release.  He did not object to that information or to the imposition of the life term of supervised release.  Also, as noted earlier, appellant never sought to withdraw his guilty plea in the district court.  One might infer

---

[5] As noted, Santo was apprised by the plea agreement and the plea colloquy that he faced a mandatory minium penalty of five years. 225 F.3d at 95.  Instead, because of the probation office's finding on drug quantity, he faced a mandatory minimum of ten years.  Id. at 96.

from this history that appellant chose to go forward with the sentencing even after learning that he had been misinformed about the maximum term of supervised release.

However, the fact remains that the error in the plea agreement regarding the possible term of supervised release, repeated by the magistrate judge at the critical time when the defendant was entering his plea of guilty, was particularly dramatic. There is a huge difference between expecting a three year term of supervised release and expecting that one will be subject to such supervision for the rest of one's life. Rivera was 39 years old at the time of his plea. He now faces a sentence that could continue, in some form, until he dies.[6] If we vacate his sentence and allow him to withdraw his guilty plea, the serious charge that he faces does not go away, nor does the evidence that induced the guilty plea in the first instance. The prosecution and the defense can resume the bargaining that led to the original guilty plea. The only difference will be that appellant will now have a complete understanding of the consequences of a guilty plea

---

[6] Supervised release is a part of a criminal sentence which is separate and independent from the original incarcerative term. United States v. Work, 409 F.3d 484, 489-90 (1st Cir. 2005). Appellant thus faces the possibility that the combination of his original sentence and sentences imposed for any violations of supervised release will exceed the statutory maximum for his underlying offense. Id. at 489. He also will be subject to the stringent conditions of his supervised release for the rest of his life. Given the nature of the charge, that may be an appropriate outcome. Nevertheless, appellant should have been informed of that possible outcome before he was asked to enter his guilty plea.

-12-

if he chooses to enter one.  On balance, we conclude that it would seriously affect the fairness, integrity, or public reputation of the judicial proceedings at issue here if we did not allow the appellant to consider the entry of a guilty plea with an accurate understanding of the possible sentencing consequences.  As we have said on many occasions, "the defendant's knowledge of the consequences of his plea" is a core concern of Rule 11.  Hernandez-Wilson, 186 F.3d at 6.

### III.

Because we find that appellant has established all of the elements required to obtain relief under plain error review, we vacate the judgment and remand this case to the district court with instructions that the appellant be permitted to withdraw his plea of guilty.

So ordered.