NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 10a0642n.06

No. 08-3126

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

**Oct 07, 2010**

LEONARD GREEN, Clerk

UNITED STATES OF AMERICA,

     **Plaintiff-Appellee,**

v.

JEROME MITCHELL,

     **Defendant-Appellant.**

)
)
)
)
)
)
)
)
)
)

**ON APPEAL** FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO

**O P I N I O N**

**BEFORE: NORRIS, ROGERS, and WHITE, Circuit Judges.**

**ALAN E. NORRIS, Circuit Judge.** Jerome Mitchell appeals his sentence and convictions for possession of ammunition by a felon and for possession with the intent to distribute both powder and crack cocaine. On appeal, Mitchell's counsel has filed an *Anders* brief and a motion to withdraw as counsel. *See Anders v. California*, 386 U.S. 738 (1967). His brief identifies three issues for appeal and also advances an additional argument raised by Mitchell. For the reasons discussed below, counsel's motion to withdraw is granted, and the judgment is affirmed.

**I.**

A federal grand jury indicted Jerome Mitchell on two counts of possession of ammunition by a felon, 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Counts 1 and 2); one count of possession with intent to distribute in excess of 50 grams of cocaine base, 21 U.S.C. §§ 841(a) and (b)(1)(A)(iii) (Count 3); and one count of possession with intent to distribute in excess of 500 grams of powder

cocaine, 21 U.S.C. §§ 841(a) and (b)(1)(B)(ii) (Count 4). Pursuant to 21 U.S.C. § 851, the government filed an information stating that Mitchell had a 2004 felony drug conviction in the Hamilton County Court of Common Pleas, Hamilton County, Ohio, which subjected him to a mandatory twenty-year term of imprisonment if convicted of the crack-cocaine count (count 3).

Before trial, Mitchell filed a motion to suppress evidence seized pursuant to a search warrant. After the district court denied the motion, Mitchell entered a nolo contendere plea to all offenses charged in the indictment, without the benefit of a written plea agreement.

During the change of plea hearing, the government read the substance of the indictment, and Mitchell entered a separate nolo contendere plea to each count. During the hearing, the district judge advised Mitchell on several occasions of the minimum and maximum penalties that he would face by pleading nolo contendere. At each point, Mitchell confirmed that he understood these penalties.

However, the sentencing information provided by the district judge was inconsistent and at times erroneous. Counts 1 and 2 (possession of ammunition by a felon) both carry statutory maximums of ten years each and have no mandatory minimums. *See* 18 U.S.C. §§ 922(g) and 924(a)(2). Count 3 (possession with intent to distribute cocaine base) has a statutory minimum of twenty years if the defendant has committed a prior felony drug offense, and a maximum sentence of life imprisonment. *See* 21 U.S.C. § 841(b)(1)(A)(iii). Count 4 (possession with intent to distribute powder cocaine) carries a ten-year statutory minimum and a maximum term of life imprisonment. *See* 21 U.S.C. § 841(b)(1)(B)(ii). At one point in the proceedings, the district judge erroneously advised Mitchell that he would be subject to a mandatory minimum sentence of twenty

years and a maximum term of life imprisonment for not only Count 3, but also Count 4, when in fact, as just noted, only Count 3 carries a statutory minimum penalty of twenty years.

During the plea colloquy the district court advised Mitchell of the rights he was waiving by pleading nolo contendere, and ascertained that Mitchell understood both the substance of those rights and that he was giving them up by entering a plea of no contest. The government read into the record the elements of the offenses and a statement of facts establishing the required elements. Included in the statement of facts was the following: "[Mitchell] acknowledged that he's been convicted of crimes punishable by imprisonment for terms exceeding one year . . . in Hamilton County Common Pleas Court, Hamilton County, Ohio." Hearing, R. 56 at 95. The district court confirmed that Mitchell agreed that the statement of facts was correct and that he intended to plead nolo contendere to the offenses charged in the indictment.

The district court also ascertained that Mitchell entered his plea voluntarily, knowingly, and intelligently. In making this determination, however, the district court again failed to advise Mitchell correctly that he was subject to a mandatory minimum of twenty years only for Count 3:

> [T]he Court is satisfied that . . . [Mitchell] recognizes that the mandatory minimum-the mandatory minimum penalty provided by law of these charges is, on Counts 1 and 2, is 20 years mandatory, mandatory minimum imprisonment sentence on each count, and the maximum possible penalty provided by law of life imprisonment on Counts 1 and 2, as well as the penalties on the other . . . counts.."

Hearing, R. 56 at 97. Mitchell's counsel neither objected nor attempted to clarify the various misstatements concerning the minimum and maximum penalties that the district court made during the hearing.

At sentencing, the district court explained the recommended guidelines range, as shaped by the statutory maximums for Counts 1 and 2 and the statutory minimum for Count 3. The district court then discussed Mitchell's "chaotic upbringing" and stated that this case "is outside the heartland of cases where a defendant might have been raised by a single parent in poverty," indicating that it would have been inclined to grant a downward variance "were it not for the mandatory minimum on Count 3 of 20 years." The district court sentenced Mitchell to concurrent terms of 120 months of imprisonment (the statutory maximum) on Counts 1 and 2; 240 months of imprisonment (the statutory minimum) on Count 3; and 151 months of imprisonment (the lowest end of the Guidelines range) on Count 4. Mitchell, through counsel, stated that he had no objections to the pronounced sentence.

In his brief, defense counsel identifies three plausible arguments for appeal: (1) whether Mitchell's plea was involuntary in light of the district court's incorrect statements at the plea hearing concerning the mandatory sentences; (2) whether the district court erred at sentencing by failing to comply with the requirements of 21 U.S.C. § 851; and (3) whether the district court erred by imposing a within-Guidelines sentence on Count 4 and statutory maximum sentences on Counts 1 and 2 after indicating that a downward variance would be warranted if it were not for the mandatory twenty-year minimum sentence imposed for Count 3. At Mitchell's request, his counsel also contends that the district court erred in denying Mitchell's motion to suppress. Mitchell was advised of his right to file a response to his attorney's *Anders* brief, but he has not done so.

**II.**

Court-appointed counsel may move to withdraw from representation if, after conducting a conscientious review of the case, counsel concludes that the appeal is "wholly frivolous." *Anders*, 386 U.S. at 744. A request to withdraw "must be accompanied by a brief referring to anything that might arguably support the appeal." *Id.* In addition, the defendant must be provided with a copy of counsel's brief and allowed time to raise any additional points he chooses in support of his appeal. *Id.*

Our role is then to undertake "a full examination of the proceedings, [and] to decide whether the case is wholly frivolous." *Id.* If we determine that "the appeal is indeed so frivolous that it may be denied without an adversary presentation," *Penson v. Ohio*, 488 U.S. 75, 82 (1988), we should permit counsel to withdraw and "dismiss the appeal insofar as federal requirements are concerned, or proceed to a decision on the merits, if state law so requires." *Anders*, 386 U.S. at 744.

A. *Validity of the Plea*

Counsel first suggests that Mitchell could argue that his plea was not intelligently made because the confusion demonstrated by the district court concerning potential sentences casts doubt on whether the plea was entered knowingly. To be valid, a plea of guilty must be entered knowingly, voluntarily, and intelligently. *Brady v. United States*, 397 U.S. 742, 748-49 (1970). Federal Rule of Criminal Procedure 11 requires a district court to advise a defendant of, among other things, "any maximum possible penalty, including imprisonment, fine, and term of supervised release [and] any mandatory minimum penalty" before accepting a plea of guilty or nolo contendere. Fed. R. Crim. P. 11(b)(1)(H)-(I). Because Mitchell was provided with conflicting and erroneous information about

the minimum and maximum sentences for the four offenses to which he pleaded no contest, counsel points out that Mitchell could plausibly argue that the plea proceedings warrant reversal.

It is true that where, as here, a district court overstates the maximum potential sentence to which a defendant may be subject, the misinformation may deprive the defendant of an understanding of the actual consequences he faces and the true nature of the options available to him, thereby making his plea unintelligent. *See United States v. Stubbs*, 279 F.3d 402, 411-12 (6th Cir. 2002), *abrogation on other grounds recognized by United States v. Helton*, 349 F.3d 295, 299 (6th Cir. 2003); *Pitts v. United States*, 763 F.2d 197, 200 (6th Cir. 1985); *United States v. Guerra*. 94 F.3d 989, 995 (5th Cir. 1996). However, in this case, Mitchell has neither indicated that he was confused by the district court's misstatements nor has he attempted to withdraw his plea. *See United States v. Dominguez -Beutez*, 542 U.S. 74, 84 (2004) ("[A] defendant who seeks reversal of his conviction after a guilty plea, on the ground that the district court committed plain error under Rule 11, must show a reasonable probability that, but for the error, he would not have entered the plea."). Because he has not requested the only relief for which he would be eligible, we hold that the district court's misstatements during the change-of-plea hearing do not create a non-frivolous ground for appeal.

B. *District Court's Failure to Conduct the Required Inquiry under 21 U.S.C. § 851(b)*

As the second plausible ground for appeal, Mitchell's counsel suggests that the district court failed to comply with 21 U.S.C. § 851(b) at sentencing. When the government intends to seek a penalty enhancement for a charged offense by reason of one or more prior convictions, it must file an information with the district court and serve the defendant or defense counsel with a copy. 21

U.S.C. § 851(a). If the government files such an information, section 851(b) requires the district

court to secure the defendant's affirmation or denial of the previous conviction:

> If the United States attorney files an information under this section, the court shall after conviction but before pronouncement of sentence inquire of the person with respect to whom the information was filed whether he affirms or denies that he has been previously convicted as alleged in the information, and shall inform him that any challenge to a prior conviction which is not made before sentence is imposed may not thereafter be raised to attack the sentence.

21 U.S.C. § 851(b). The district court failed to conduct a § 851(b) colloquy at sentencing. Because

of counsel's failure to object we review for harmless error. *United States v. Denkins*, 367 F.3d 537,

539 (6th Cir. 2004) (citing *United States v. Hill*, 142 F.3d 305, 313 (6th Cir. 1998)). We find none.

Because Mitchell had affirmed at his prior plea hearing that the details about his conviction as set

forth in the government's statement of facts were correct, the district court's failure to revisit the

prior felony at sentencing was harmless.

C.  *Length of Sentences*

As a third plausible ground for appeal, Mitchell's counsel directs us to the district court's

observation at sentencing that this case is one that would warrant a downward variance but for the

twenty-year mandatory minimum imposed for Count 3. According to Mitchell's counsel, this

statement could be interpreted to mean that the district court was not aware that it had the authority

to grant a downward reduction in the sentences imposed for Counts 1, 2, and 4, and that, therefore,

the sentence imposed was unreasonable.

"When objections are properly preserved, we review a sentence for reasonableness.

However, when the district court asks at sentencing whether there are any objections to the sentence

and the appellant raises none, we review the sentence only for plain error." *United States v. Bailey*, 488 F.3d 363, 367 (6th Cir. 2007) (citations omitted). Because Mitchell, through counsel, answered the district court in the negative when asked whether he had any objections to the sentence imposed, plain error analysis applies to his procedural reasonableness challenge.

To obtain relief under plain error analysis, a defendant must prove "(1) error, (2) that is plain, and (3) that the affect[s] [the defendant's] substantial rights." *Id.* at 368 (quoting *Johnson v. United States*, 520 U.S. 461, 466-67 (1997) (punctuation altered)). "Generally, an error does not affect substantial rights unless it is prejudicial – in other words, the error 'must have affected the outcome of the district court proceedings.'" *Id*. (quoting *United States v. Olano*, 507 U.S. 725, 734 (1993)). Once the defendant has made the required showing, "an appellate court may then exercise its discretion to notice a forfeited error, but only if . . . the error seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." *Id*. (quoting *Johnson*, 520 U.S. at 467).

Even were we to conclude that the district court committed plain error in failing to recognize that it was not precluded from considering a sentencing variance, any such error did not seriously affect the fairness of the judicial proceedings. We reach that conclusion because the district court sentenced Mitchell to concurrent terms on all four counts. The longest of those sentences--240 months of imprisonment–reflected the correct statutory minimum sentence for Count 3. Because remand for resentencing would not result in a shorter sentence, relief is not warranted.

D.  *Denial of Motion to Suppress*

At his client's request, counsel has raised the denial of Mitchell's motion to suppress as a ground for appeal. The issue is not properly before us. Federal Rule of Criminal Procedure 11(a)(2)

permits a defendant to enter a conditional plea of guilty or nolo contendere while reserving the right " to have an appellate court review an adverse determination of specified pre-trial motion." Fed. R. Crim. P. 11(a)(2). However, a defendant who enters an unconditional plea generally forfeits any non-jurisdictional claims that arose before his plea of guilty or nolo contendere. *United States v. Bahhur*, 200 F.3d 917, 923 (6th Cir. 2000). Mitchell's plea was entered unconditionally. He therefore did not reserve the right to challenge the denial of the motion to suppress on appeal. *United States v. Vasquez-Martinez*, _F.3d_, 2010 WL 3186147 (6th Cir. 2010).

E. *Clerical Error*

Lastly, we note an error in the written judgment, which states that the offense under Count 4 was possession of "crack cocaine" with intent to distribute. As already discussed, Count 4 charged Mitchell with possession of powder cocaine. It should list it as possession with intent to distribute powder cocaine. The error in the written judgment reflects a clerical mistake correctable by the district court at any time pursuant to Fed. Crim. P. 36.

**III.**

The motion to withdraw by Mitchell's counsel is **granted**, the district court's judgment is **affirmed**, and the action is **remanded** for correction of the clerical error.