RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 17a0122p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

No. 16-6244

BRYANT LAMAR MONIE,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Kentucky at Lexington.
No. 5:15-cr-00116-1—Danny C. Reeves, District Judge.

Decided and Filed: June 9, 2017

Before: MOORE, GILMAN, and COOK, Circuit Judges.

_____

## COUNSEL

**ON BRIEF:** Renée Paradis, San Francisco, California, for Appellant. Charles P. Wisdom Jr., John Patrick Grant, UNITED STATES ATTORNEY'S OFFICE, Lexington, Kentucky, for Appellee.

_____

## OPINION

_____

KAREN NELSON MOORE, Circuit Judge. Defendant-Appellant Bryant Lamar Monie seeks to have this court order the district court to permit him to withdraw his guilty plea because at his plea hearing the district court told him that the maximum sentence for Count 8 was ten years, when in fact Count 8 carried a mandatory-minimum sentence of fifteen years. Because the district court's misstatement was plain error, we **REMAND** the case to the district court with

instructions that Monie be permitted to withdraw his guilty plea to Count 8 and for further proceedings consistent with this opinion.

## I. BACKGROUND

Monie was convicted of conspiracy to distribute heroin and cocaine in violation of 21 U.S.C. § 846 (Count 1); possession with intent to distribute heroin and cocaine, aided and abetted by others, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Count 6); use and carry of a firearm in furtherance of a drug-trafficking crime in violation of 18 U.S.C. § 924(c)(1) (Count 7); and being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g) and the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1) (Count 8). R. 56 (Judgment at 1) (Page ID #266). Monie pleaded guilty to Counts 1 and 8 without a written plea agreement. *Id.* Monie proceeded to a trial and was convicted by a jury on Counts 6 and 7. *Id.*

Count 8, the Armed Career Criminal Act charge, carried a mandatory-minimum sentence of fifteen years and a maximum sentence of life imprisonment. 18 U.S.C. § 924(e)(1). During the plea colloquy, the district court erroneously did not state that Count 8 carried a mandatory-minimum sentence—instead, the district court erroneously stated that the *maximum* sentence for Count 8 was ten years. R. 63 (Rearraignment Hr'g Tr. at 12) (Page ID #354).

The fifteen-year mandatory-minimum sentence for Count 8 affected every aspect of Monie's sentence. Because the "statutorily required minimum sentence" of fifteen years was "greater than the maximum of the applicable guideline range" of 135 to 168 months, the mandatory-minimum sentence for Count 8 determined the Guidelines sentence for Count 8. U.S. SENTENCING GUIDELINES MANUAL (U.S.S.G.) § 5G1.1(b) (2015) ("Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence."). Because the statutorily required minimum sentence on Count 8 was also greater than the maximum guideline range applicable to Counts 1 and 6, the mandatory-minimum sentence for Count 8 also determined the Guidelines sentence for Counts 1 and 6. U.S.S.G. § 5G1.2 cmt. 3(B) ("[W]here a statutorily required minimum sentence on any count is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence on that count shall be the guideline sentence on all

counts.") (citing U.S.S.G. § 5G1.1(b)).  And because § 924(c) required the sentence for Count 7 to run consecutively to any other sentence, *see* 18 U.S.C. § 924(c)(1)(D)(ii), the fifteen-year mandatory-minimum sentence for Count 8 necessarily combined with the five-year mandatory-minimum sentence for Count 7 to create a mandatory-minimum twenty-year sentence.

The district court sentenced Monie to the mandatory-minimum term of twenty years of imprisonment (fifteen years each for Counts 1, 6, and 8, to be served concurrently, and five years on Count 7, to be served consecutively to the fifteen-year sentence for the three other counts). R. 56 (Judgment at 2) (Page ID #267).

Monie pleaded guilty without a written plea agreement, and nothing in the record indicates that Monie knew before he pleaded guilty that Count 8 carried a fifteen-year mandatory-minimum sentence.  The Presentence Report (PSR), which was of course prepared after Monie pleaded guilty and was convicted, correctly stated that Count 8 carried a mandatory-minimum penalty of fifteen years and maximum sentence of life.  R. 59 (PSR at 15) (Page ID #296).

## II.  DISCUSSION

Federal Rule of Criminal Procedure 11 requires a district court, before accepting a plea of guilty, to "address the defendant personally in open court . . . and inform the defendant of, and determine that the defendant understands" both "any maximum possible penalty, including imprisonment, fine, and term of supervised release" and "any mandatory minimum penalty." Fed. R. Crim. P. 11(b)(1)(H), (I).  "Where, as here, a defendant does not present objections regarding any alleged Rule 11 violation to the district court, we review for plain error." *United States v. Mobley*, 618 F.3d 539, 544 (6th Cir. 2010).  To prevail on plain-error review, a defendant must show, first, that the district court committed an error.  *Id.*  Second, he must show that the error was plain, that is, "clear or obvious, rather than subject to reasonable dispute." *Id.* (quoting *Puckett v. United States*, 556 U.S. 129, 135 (2009)).  Third, he must show that the error affected the defendant's substantial rights.  *Mobley*, 618 F.3d at 544.  "More specifically, . . . '[he] must show a reasonable probability that, but for the error, he would not have entered the plea.'"  *United States v. Hogg*, 723 F.3d 730, 737 (6th Cir. 2013) (quoting *United States v.*

*Dominguez Benitez*, 542 U.S. 74, 83 (2004)) (second alteration in original). Fourth, he must "persuade the court that the error seriously affected the fairness, integrity or public reputation of judicial proceedings." *Id.* (quoting *United States v. Vonn*, 535 U.S. 55, 63 (2002)). The United States concedes that Monie has satisfied the first two parts of the test. Appellee's Br. at 4 ("The United States concedes that the district court's failure to comply with Rule 11 by misinforming Monie about the statutory penalty was error that was obvious").

## A. Whether the Rule 11 Error Affected Defendant's Substantial Rights

The United States argues that Monie has failed to satisfy the third requirement, that the error affected his substantial rights, because he has not shown a reasonable probability that, but for the district court's error, he would not have pleaded guilty to Count 8. Appellee's Br. at 4–5. As support, the government points out that Monie did not attempt to withdraw his guilty plea in the district court. *See* Appellee's Br. at 5. This argument is unavailing. Monie's "failure to object to the error on any of these occasions of course provides the reason why he must meet the rigorous plain error standard. But this failure, in and of itself, does not provide a basis for concluding that [the defendant] failed to demonstrate a 'reasonable probability' that his substantial rights were affected." *United States v. Sanya*, 774 F.3d 812, 818 (4th Cir. 2014).

We have determined that a Rule 11 error did not affect a defendant's substantial rights when the defendant "had notice through other sources of the correct statutory penalty range" prior to entering a plea, or when there is an "absence of any indication that the defendant would have declined the Government's plea offer if accurately informed of the correct statutory penalty range." *Hogg*, 723 F.3d at 746–47; *see also United States v. Martin*, 668 F.3d 787, 793 (6th Cir. 2012) (holding that the defendant's substantial rights were not affected because the district court "did not fail to state the mandatory minimum" but instead "provided minimally conflicting information during an unrelated section of the colloquy"). We have held that a Rule 11 error affected a defendant's substantial rights in situations where the defendant had been ready to proceed to trial before pleading guilty. *Hogg*, 723 F.3d at 745. Other circuits have held that defendants can establish a reasonable probability that they would not have pleaded guilty by showing that "erroneous information dramatically altered the sentencing stakes for the defendant." *United States v. Rivera-Maldonado*, 560 F.3d 16, 21 (1st Cir. 2009); *see United*

*States v. Hairston*, 522 F.3d 336, 341 (4th Cir. 2008) (holding that a Rule 11 error affected the defendant's substantial rights because he believed the mandatory prison term was thirty years, when in fact the mandatory prison term was forty-five years).

Monie points out that because there was no written plea agreement, he did not have any pre-plea notice of the mandatory sentence. Appellant's Br. at 12. He also emphasizes that he went to trial on another gun-possession count, which carried a five-year mandatory minimum, and that this decision indicates that he would have been willing to go to trial on Count 8 if he had known that Count 8 carried a fifteen-year mandatory minimum. *Id.* Monie also notes that he did not gain any benefit from pleading guilty to Count 8 that would have incentivized him to plead guilty even if he had known that he would face a mandatory fifteen-year sentence. *Id.* at 13.

There is no doubt that "erroneous information dramatically altered the sentencing stakes for the defendant" as to Count 8, because he was told that he would receive a maximum sentence of ten years, when in fact he would receive a minimum sentence of fifteen years. *See Rivera-Maldonado*, 560 F.3d at 21. Monie did not have pre-plea notice from other sources that he faced a fifteen-year mandatory-minimum sentence, and he demonstrated readiness to proceed to trial by actually proceeding to trial on another count that subjected him to a mandatory-minimum sentence. Therefore, Monie has shown that there is a reasonable probability that he would not have pleaded guilty but for the district court's Rule 11 error, and has demonstrated that the Rule 11 error affected his substantial rights.

**B. Whether the Rule 11 Error Seriously Affected the Fairness, Integrity, or Public Reputation of the Proceedings**

The United States argues that Monie has failed to satisfy the fourth requirement because "he would have been convicted if he had chosen to go to trial" and, as a result, "[t]he district court's error . . . could not have resulted in a miscarriage of justice." Appellee's Br. at 7. But the government's argument—however well supported—that it could have secured a conviction does not show that the district court's misstatement did not seriously affect the fairness, reputation, and public integrity of the proceedings.

The Supreme Court has held that a Rule 11 error can affect a defendant's substantial rights even if there is strong evidence against the defendant. *See Dominguez Benitez*, 542 U.S. at 85 ("When the record made for a guilty plea and sentencing reveals evidence, as this one does, showing both a controlled sale of drugs to an informant and a confession, one can fairly ask a defendant seeking to withdraw his plea what he might ever have thought he could gain by going to trial. The point of the question is not to second-guess a defendant's actual decision; if it is reasonably probable he would have gone to trial absent the error, it is no matter that the choice may have been foolish. The point, rather, is to enquire whether the omitted warning would have made the difference required by the standard of reasonable probability."). Similarly, a Rule 11 error can "seriously affect[] the fairness, integrity or public reputation of judicial proceedings" even if there is strong evidence against the defendant. *Hogg*, 723 F.3d at 737 (quoting *Vonn*, 535 U.S. at 63).

The inquiry is not whether the Rule 11 error affected the accuracy of the proceedings. Certainly, if a Rule 11 error affected the accuracy of the proceedings, it would affect their fairness, integrity, and public reputation. But a Rule 11 error can affect the fairness, integrity, or public reputation of proceedings without affecting their accuracy. Rule 11 ensures not only that there is a factual basis for the plea, but also that the plea is knowing and voluntary. Fed. R. Crim. P. 11(b)(2), (3); *see also Brady v. United States*, 397 U.S. 742, 748 (1970) ("[T]he plea is more than an admission of past conduct; it is the defendant's consent that judgment of conviction may be entered without a trial—a waiver of his right to trial before a jury or a judge. Waivers of constitutional rights not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences."). A plea is not made knowingly if the defendant thinks the maximum sentence for a crime is a term of years that is in fact shorter than the minimum sentence for that crime. A district court's plea colloquy lacks fairness and integrity when the court creates that misapprehension by telling the defendant that his maximum sentence is ten years when in fact his minimum sentence is fifteen years. Therefore, Monie has shown that the district court's misstatement seriously undermined the fairness and integrity of the proceedings.

Because the district court told Monie that he could receive no more than a ten-year sentence for Count 8, when in fact Monie would receive a mandatory-minimum sentence of fifteen years for Count 8, the district court's misstatement violated Monie's substantial rights and seriously affected the fairness and integrity of the plea proceedings. Monie must be given the opportunity to withdraw his plea as to Count 8.

## III.  CONCLUSION

For the foregoing reasons, we **REMAND** the case to the district court. We instruct the district court to permit Monie to withdraw his guilty plea to Count 8. Because the mandatory-minimum sentence on Count 8 also determined the sentence on the other counts of conviction, we additionally instruct the district court to vacate the entire sentence and to hold further proceedings that are consistent with our ruling.