NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 19a0612n.06

Case No. 18-6332

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Dec 11, 2019
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
|    Plaintiff-Appellee, | ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT |
| v. | ) ) | COURT FOR THE EASTERN DISTRICT OF KENTUCKY |
| OMAR DAVIS, | ) ) | |
|    Defendant-Appellant. | ) | **O P I N I O N** |

**BEFORE: McKEAGUE, BUSH, and NALBANDIAN, Circuit Judges.**

McKEAGUE, Circuit Judge. Omar Davis appeals a judgment after a guilty plea entered in the United States District Court for the Eastern District of Kentucky. Davis pled guilty to three counts: conspiring to distribute methamphetamine in violation of 18 U.S.C. § 846, brandishing a firearm during and in relation to a drug trafficking crime in violation of 21 U.S.C. § 924(c), and kidnapping in violation of 18 U.S.C. § 1201(a)(1). He now argues certain defects leading up to his guilty plea make his plea invalid, and as a result, his judgment cannot stand. We disagree and therefore **AFFIRM**.

## I. Background

To make his argument, Davis essentially points to two so-called defects in his plea proceedings: first, time pressure from the district court to review information received from the government the night before trial, and second, confusion over the length of his potential sentence.

Prior to his upcoming trial, Davis filed a series of discovery requests, seeking general information under Federal Rule of Criminal Procedure 16(a); material required under *Brady v. Maryland*, 373 U.S. 83 (1963); and relevant statements by government witnesses, pursuant to 18 U.S.C. § 3500 (the "Jencks Act").

Trial was set for December 12, 2017. The day before trial, defense counsel received additional discovery materials he had requested a day earlier from the government. The government claimed that, in an effort to accommodate the defendant's request, it provided a set of documents typically provided on the day of trial in advance of calling a witness, as is permitted by the Jencks Act and Federal Rule of Criminal Procedure 26.2. Moreover, the government stated it had already provided all substantive witness statements four or five months prior. At the pretrial conference on the morning of trial, defense counsel acknowledged he did not have time to read the materials and could not speak to whether the materials would change his recommendation to Davis on whether to go to trial. The court found that the material was not voluminous, and most (but not all) was likely Jencks material anyway. The court decided to select the jury (the jury pool was waiting at the time) and then give defense counsel time to look over the material, talk with the defendant, decide if a continuance would be necessary, and generally think through strategy going forward.

Shortly after the pretrial conference, Davis entered a guilty plea to three counts: conspiring to distribute methamphetamine, brandishing a firearm during and in relation to a drug trafficking crime, and kidnapping. In his plea agreement, Davis acknowledged that he understood the agreement, his counsel had fully explained the agreement, and he had entered into the agreement voluntarily. In the plea proceedings, the district court took Davis through the requirements of Federal Rule of Criminal Procedure 11, including questioning Davis about his competency,

inquiring whether he was entering the guilty plea knowingly and voluntarily, describing the rights

he was giving up, and explaining the essential terms of the plea agreement and underlying charges,

among other discussions. The Presentence Investigation Report (PSR) that followed

recommended a guideline range between 262 and 327 months, based on a Criminal History

Category of III and adjusted offense level of 37. The court ultimately sentenced Davis to a term

of 192 months, plus the 84 mandatory months for the § 924(c) firearm charge. Davis appeals this

judgment, arguing his plea agreement was invalid because it was not entered into knowingly,

intelligently, and voluntarily. We disagree.

## II. Analysis

"A guilty plea is valid if it is entered knowingly, voluntarily, and intelligently by the

defendant." *United States v. Webb*, 403 F.3d 373, 378 (6th Cir. 2005). When a defendant

challenges his guilty plea for the first time on appeal, we review the validity of his plea for plain

error.[1] *Id.* Plain-error review involves four steps:

> First, there must be an error or defect—some sort of [d]eviation from a legal rule—
> that has not been intentionally relinquished or abandoned, *i.e.*, affirmatively
> waived, by the appellant. Second, the legal error must be clear or obvious, rather
> than subject to reasonable dispute. Third, the error must have affected the
> appellant's substantial rights, which in the ordinary case means he must
> demonstrate that it affected the outcome of the district court proceedings. Fourth
> and finally, if the above three prongs are satisfied, the court of appeals has the
> *discretion* to remedy the error—discretion which ought to be exercised only if the
> error seriously affect[s] the fairness, integrity or public reputation of judicial
> proceedings.

*United States v. Ataya*, 884 F.3d 318, 322–23 (6th Cir. 2018) (alterations in original) (quoting

*Puckett v. United States*, 556 U.S. 129, 135 (2009)). As to the third prong, for a defendant seeking

---

[1] In signing the plea agreement, Davis waived his right to appeal. But that waiver provision does not cover appeals alleging an involuntary plea. Davis's claims in this appeal go "to the heart of whether his guilty plea, including the waiver of appeal, is enforceable." *United States v. Ataya*, 884 F.3d 318, 322 (6th Cir. 2018).

reversal of his conviction, plain error requires a heightened showing of prejudice. *Id.* at 323. In other words, the defendant "is obligated to show a reasonable probability that, but for the error, he would not have entered the plea." *Id.* (quoting *United States v. Dominguez Benitez*, 542 U.S. 74, 76 (1993)).

For guilty pleas, district courts must follow the mandates of Federal Rule of Criminal Procedure 11. The purpose of Rule 11 is to function as a set of requirements that ensures a district court is satisfied that a plea is knowing, intelligent, and voluntary. *Webb*, 403 F.3d at 378; *see also United States v. Fuller*, 192 F. App'x 441, 443 (6th Cir. 2006). Rule 11 requires that "a district court verify that the defendant's plea is voluntary and that the defendant understands his or her applicable constitutional rights, the nature of the crime charged, the consequences of the guilty plea, and the factual basis for concluding that the defendant committed the crime charged." *Webb*, 403 F.3d at 378–79. Davis concedes the district court adhered to the requirements set forth in Rule 11. And if the whole purpose of Rule 11 is to ensure a voluntary and knowing plea, it follows that Davis's plea agreement was just that: voluntary and knowing. Davis's claims—about time pressure and confusion over the length of his sentence—are of the type that are normally foreclosed by a Rule 11-compliant plea colloquy.

First, Davis claims he received discovery material from the government the night before trial and argues the accompanying time pressure from the district court to review those materials amounted to "duress," therefore rendering his plea involuntary. But this occurred *before* the plea colloquy, where the district court specifically asked Davis whether he had enough time to talk to his lawyer, review the indictment, and review the plea agreement. To which Davis responded, "Yes." Davis also acknowledged he was not forced or coerced to sign the agreement and he signed it under his own free will and volition. At the time of these questions, Davis would have known

he felt pressured to make a quick decision without adequate information. But Davis said he had enough time.

Second, Davis argues there was confusion over whether he could be convicted of two § 924(c) firearm counts: brandishing a firearm in relation to (1) the kidnapping offense and/or (2) the drug possession offense. Conviction on two § 924(c) counts would result in a higher sentence. So he wasn't sure of his potential sentence. And, according to Davis, this confusion prevented him from making a knowing plea. But Davis does not argue he was misinformed of his *minimum* or *maximum* exposure. He can't. Davis conceded the district court followed Rule 11, thus adequately informing him of his minimum and maximum sentence. *See United States v. Simons*, 752 F. App'x 291, 295 n.2 (6th Cir. 2018) (noting under Rule 11 that district courts need only warn of the minimum and maximum penalties, not the "consequences" of a plea (quoting *Smith v. United States*, 400 F.2d 860, 862 (6th Cir. 1968)); *cf. United States v. Monie*, 858 F.3d 1029, 1033 (6th Cir. 2017) (finding a plea colloquy lacks fairness and integrity when a court creates misapprehension regarding the maximum sentence); *United States v. Mitchell*, 398 F. App'x 159, 162 (6th Cir. 2010) (noting a defendant could challenge erroneous information relating to *minimum* and *maximum* sentences).

Let's assume, though, the Rule 11 plea colloquy did not actually ensure Davis entered into a knowing and voluntary plea. To argue his plea agreement is invalid still, Davis would need to point to some sort of legal error that was "clear or obvious" and not "subject to reasonable dispute." *Ataya*, 884 F.3d at 322 (quoting *Puckett*, 556 U.S. at 135). Not only that, he would have to show a reasonable probability that but for those errors he would not have accepted the plea agreement. Davis fails to do so.

Davis's duress claim is based in part on the district court's statements that it did not want to keep the jury pool waiting. And, according to Davis, this pressure, coupled with the need to review new material, made it impossible for him to enter a knowing and voluntary plea. This claim is belied by the record. True, the district court did not want to keep the jury pool waiting. But the district court also told counsel that after jury selection, defense counsel could take time with the defendant "and decide, do you need a continuance, do you need the afternoon to kind of work through this material . . . ." This is not the kind of "pressure" Davis claims it to be. And it is not a clear error by the district court. Likewise, it is not clear or obvious that receipt of the discovery materials the night before trial rendered his plea unknowing. Davis does not even describe any new information from these materials that would have changed his mind about the plea. And again, the burden is on Davis to show a reasonable probability that but for this alleged error he would not have accepted his guilty plea. *Martin*, 668 F.3d at 791. Davis relies on *United States v. Morris*, 470 F.3d 596 (6th Cir. 2006), to argue prejudice is presumed because of the lack of time his counsel had to review important material. But *Morris* concerned an ineffective assistance of counsel claim. *Id.* at 601. And that makes sense. If Davis has any potential claim here, it's against his counsel for allegedly letting Davis go forward with the plea without adequate information. However, he does not have a claim that his plea agreement is invalid. To reiterate, Davis doesn't point to any new information nor does the record reflect he was under pressure to make a quick decision.

Further, the confusion over Davis's possible sentence likewise does not invalidate his plea. Conviction on two § 924(c) firearm counts would have obviously resulted in a higher sentence, and it is this confusion that prevented Davis from making a knowing and intelligent decision (or so he claims). But this claim fails for two reasons. First, there wasn't any confusion. In the

pretrial conference (which was *before* the plea negotiations), the district court told Davis's counsel that only one § 924(c) count would apply and that the jury instructions would be revised to the extent they reflected a contrary interpretation.[2]  Second, even if Davis's counsel was not satisfied with this exchange and remained uncertain, the district court's comments that only one § 924(c) conviction would result was not an affirmative misstatement of the maximum possible sentence sufficient to invalidate a guilty plea.  *Compare United States v. Dixon*, 479 F.3d 431, 434–36 (6th Cir. 2007) (finding a misstatement by counsel relating to the potential sentence not enough to render the plea agreement invalid because counsel never gave the defendant erroneous advice concerning the potential sentence), *with United States v. Hogg*, 723 F.3d 730, 739 (6th Cir. 2013) (finding the district court violated Rule 11 when it misstated the applicability of statutory amendment which would affect the length of the sentence) *and Pitts v. United States*, 763 F.2d 197, 201 (6th Cir. 1985) (finding misadvice by counsel *and* misadvice by the trial court on defendant's maximum possible sentence enough to require an evidentiary hearing on the issue).

Finally, Davis argues the PSR recommended a sentence far higher than what the parties had agreed upon.  Davis states his counsel advised him the resulting sentence would be 135 to 168 months, plus the consecutive 84 months for the § 924(c) charge.  The PSR recommended 262 to 327 months, plus the 84 months.  And the district court ultimately sentenced Davis to 192 months, plus 84 months.  But a "plea is not rendered involuntary merely because a prediction that a guilty

---

[2] Davis argues that the "transcript is not clear whether the defense agreed to or was satisfied that this concern was addressed."  Plain error review requires a "clear" error.  Davis, in effect, defeats his own argument by stating the record wasn't clear on this point.  All to say, the district court stated, "I don't read it as resulting in two 924(c)s . . . I don't read the indictment as requiring the jury instruction that leads to two 924(c) convictions."  There was no clear or obvious confusion on the § 924(c) issue.

plea will result in a light sentence does not come true." *Stout v. United States*, 508 F.2d 951, 953 (6th Cir. 1975); *see also United States v. Ford*, 15 F. App'x 303, 308 (6th Cir. 2001).[3]

For these reasons, we find that Davis's plea agreement was not invalid. We therefore **AFFIRM** the district court's judgment.

---

[3] Again, Davis does not assert that this purported misadvice rendered his counsel's assistance ineffective.